# In the
# United States Court of Appeals
## For the Seventh Circuit

---

No. 01-4122

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

DEANDRE MITCHELL,

*Defendant-Appellant.*

---

Appeal from the United States District Court
for the Northern District of Indiana, Fort Wayne Division.
No. 00 CR 56—**William C. Lee**, *Chief Judge.*

---

No. 02-1190

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

JERRY L. PEETE,

*Defendant-Appellant.*

---

Appeal from the United States District Court
for the Eastern District of Wisconsin.
No. 00 CR 15—**Rudolph T. Randa**, *Judge.*

---

ARGUED MAY 20, 2002—DECIDED AUGUST 5, 2002

---

Before EASTERBROOK, ROVNER and EVANS, *Circuit Judges*.

ROVNER, *Circuit Judge.* We have consolidated these two cases solely for the purpose of issuing our opinion. Deandre Mitchell and Jerry Peete both challenge the constitutionality of 18 U.S.C. § 922(g), commonly known as the "felon in possession" statute. Mitchell and Peete contend that Congress exceeded its powers under the Commerce Clause when it criminalized possession by felons of firearms that traveled in interstate commerce. We affirm their respective convictions.

## I.

Both Peete and Mitchell were charged under 18 U.S.C. § 922(g)(1) with the crime of being a felon in possession of a firearm. Mitchell was arrested in Indiana in possession of a firearm manufactured in California. Mitchell went to trial and, at the close of the government's case, he moved for a judgment of acquittal on the grounds that the government failed to prove the jurisdictional nexus of interstate commerce.[1] The district court denied the motion and the jury returned a verdict of guilty. Mitchell was sentenced to 180 months of imprisonment and five years of supervised release.

Peete was arrested in Wisconsin in possession of a gun that had been manufactured in another state. The gun

---

[1] On appeal, Mitchell framed his argument partly in terms of whether the district court had subject matter jurisdiction to proceed with a section 922(g) charge when the statute is unconstitutional. We have held that the "jurisdictional nexus" we describe in Commerce Clause cases is really an element of the crime and not jurisdictional in the sense that it affects a court's subject matter jurisdiction. *United States v. Martin*, 147 F.3d 529, 532 (7th Cir. 1997). Mitchell did raise an adequate objection to the statute on constitutional grounds at the close of the government's case, and so we proceed to the merits.

thus had traveled in interstate commerce at some point in time. Peete faced additional charges that are not part of his appeal, and he moved to dismiss the felon-in-possession count on the ground that Congress exceeded its power under the Commerce Clause in passing this legislation. Because this Court had already rejected identical claims in a number of cases, a magistrate judge recommended denying his motion. Peete ultimately pled guilty to all charges and was sentenced to 188 months of incarceration and five years of supervised release on the gun count.

## II.

Mitchell and Peete concede that they had been convicted of crimes punishable by imprisonment for a term exceeding one year at the time of their arrests. Section 922(g)(1) provides:

> It shall be unlawful for any person who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

18 U.S.C. § 922(g)(1). Both defendants contend that Congress exceeded its authority under the Commerce Clause by criminalizing the possession of a gun that happened to travel in interstate commerce at some time in the past.

Each relies primarily on *United States v. Lopez*, 514 U.S. 549 (1995). In *Lopez*, the Supreme Court struck down the Gun-Free School Zones Act of 1990, which made it a federal offense "for any individual knowingly to possess a firearm at a place that the individual knows, or has

reasonable cause to believe, is a school zone." 18 U.S.C. § 922(q)(1)(A); *Lopez*, 514 U.S. at 551. The Court held that the Act exceeds the authority of Congress "[t]o regulate Commerce . . . among the several States. . . ." U.S. Const., Art. I, § 8, cl. 3. In part, the Court noted that section 922(q) contained no "jurisdictional element which would ensure, through case-by-case inquiry, that the firearm possession in question affects interstate commerce." *Lopez*, 514 U.S. at 561. Mitchell and Peete are not the first defendants to argue that section 922(g)(1) suffers from the same infirmities as section 922(q)(1). We have rejected this argument numerous times since *Lopez*, noting that section 922(g) requires a showing that the possession be "in or affecting interstate commerce," a link that was lacking in section 922(q). *See United States v. Lewis*, 100 F.3d 49, 51 (7th Cir. 1996) (noting that section 922(g) is distinguishable from section 922(q) because it contains an explicit requirement that a nexus to interstate commerce be established); *United States v. Williams*, 128 F.3d 1128, 1133 (7th Cir. 1997) (same); *United States v. Lee*, 72 F.3d 55, 58 (7th Cir. 1995); *United States v. Bell*, 70 F.3d 495, 498 (7th Cir. 1995) (same).

Undeterred, Mitchell and Peete note that the Supreme Court subsequently applied *Lopez* to narrow a criminal statute and invalidate another law on Commerce Clause grounds. *See Jones v. United States*, 529 U.S. 848 (2000); *United States v. Morrison*, 529 U.S. 598 (2000). In *Jones*, the Court considered 18 U.S.C. § 844(i), which makes it a federal crime to damage or destroy "by means of fire or an explosive, any . . . property used in interstate or foreign commerce or in any activity affecting interstate or foreign commerce." *Jones*, 529 U.S. at 850. Jones was convicted of violating section 844(i) by setting fire to a house in Indiana. The government argued that the Indiana house was secured by a mortgage from an Oklahoma lender, insured by a Wisconsin insurer, and received gas

from a supplier outside of Indiana. The Court reasoned that a private residence is not "used" in the activities of receiving natural gas, a mortgage, or an insurance policy in the common understanding of the word "use." Nor was the home used in any trade or business; rather it was used for the everyday living of the occupants. To accept the government's argument would mean that almost any home in the country was covered by the law, and the word "used" would be rendered meaningless. 529 U.S. at 856. The Court noted that *Lopez* reinforced this conclusion because arson was traditionally viewed as local criminal conduct. 529 U.S. at 851, 858. The Court therefore held that "an owner-occupied residence not used for any commercial purpose does not qualify as property 'used in' commerce or commerce-affecting activity; arson of such a dwelling, therefore, is not subject to federal prosecution under § 844(i)." 529 U.S. at 850-51.

In *Morrison*, the Court considered whether the Commerce Clause provided Congress with the authority to enact the Violence Against Women Act ("VAWA"). The VAWA provided, in part, a federal civil remedy for the victims of gender-motivated violence. *Morrison*, 529 U.S. at 601-02. Citing *Lopez*, the Court struck down this provision because gender-motivated violence was not an activity that substantially affects interstate commerce. 529 U.S. at 613 ("Gender-motivated crimes of violence are not, in any sense of the phrase, economic activity."). The Court noted that, like the statute at issue in *Lopez*, the VAWA contained no "jurisdictional element establishing that the federal cause of action is in pursuance of Congress' power to regulate interstate commerce." 529 U.S. at 613. Moreover, by its terms the law had nothing to do with interstate commerce, and neither the statute nor its legislative history adequately supported findings regarding the effects on interstate commerce caused by violence against women. 529 U.S. at 610-12. Therefore, Congress ex-

ceeded its powers under the Commerce Clause in enacting the civil remedy provision of the VAWA.

Mitchell and Peete contend that, under the reasoning of *Jones* and *Morrison*, section 922(g) cannot stand. Once again, Mitchell and Peete are not the first defendants to raise this argument, and we have rejected it before. *See United States v. Wesela*, 223 F.3d 656 (7th Cir. 2000), *cert. denied*, 531 U.S. 1174 (2001) (holding that nothing in *Jones* or *Morrison* casts doubt on the validity of section 922(g), which specifically requires a link to interstate commerce). As we have previously stated, we believe the Supreme Court resolved the issue of the constitutionality of the felon-in-possession statute in *United States v. Bass*, 404 U.S. 336 (1971). *See Lewis*, 100 F.3d at 52. Until the Supreme Court overrules *Bass*, we will continue to adhere to our view that section 922(g) was a valid exercise of Congressional power under the Commerce Clause. We therefore affirm the judgments against Mitchell and Peete for their violations of section 922(g).

Finally, Peete raises a challenge to his sentence. Under 18 U.S.C. § 924(a)(2), a felon convicted of possession of a firearm under section 922(g)(1) is subject to a maximum prison term of ten years with a maximum of three years of supervised release. However, a felon charged under section 922(g)(1) who has three prior convictions for violent felonies or serious drug crimes is subject to not less than fifteen years' imprisonment and up to five years of supervised release under 18 U.S.C. § 924(e)(1). Peete's indictment charged him with a violation of section 922(g)(1) but did not allege that he had been convicted of three prior violent felonies or serious drug crimes except to cite section 924(e)(1) in a *pro forma* manner. Peete argues that under *Jones v. United States*, 526 U.S. 227, 243 n.6 (1999) and *Apprendi v. New Jersey*, 530 U.S. 466, 476 (2000), the indictment was insufficient to authorize imposition of a sentence greater than ten years because it did not allege

facts that increased the maximum penalty for the crime. Peete concedes that this Court has held there is no requirement to plead prior convictions in an indictment even when those convictions increase the defendant's sentence. *See Dahler v. United States*, 259 F.3d 763, 765-66 (7th Cir. 2001); *United States v. Skidmore*, 254 F.3d 635, 642 (7th Cir. 2001). Accordingly, we reject Peete's claim.

AFFIRMED.

A true Copy:

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*