**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Amos R. SHUFORD, Defendant–Appellant.**

**No. 02–1463.**

United States Court of Appeals, Seventh Circuit.

Submitted Sept. 24, 2002.*

Decided Oct. 2, 2002.

Before Hon. WILLIAM J. BAUER, Hon. FRANK H. EASTERBROOK, and Hon. ILANA DIAMOND ROVNER, Circuit Judges.

**ORDER**

In June 2001 Beloit (Wisconsin) police executed a search warrant at 2003 Colony Court Apartment #10, Amos Shuford's residence, where they found a 40 caliber handgun in between the cushions of a couch. Shuford, a convicted felon, was subsequently indicted in the Western District of Wisconsin for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). He filed two motions in the district court: a motion to dismiss the indictment and a motion to suppress the evidence seized by police during the search of his apartment. Before the court ruled on his motions, however, Shuford entered a conditional guilty plea. The court subsequently denied both of Shuford's motions and sentenced him to 77 months' imprisonment. He appeals.

Shuford first argues that the district court erred by denying his motion to dismiss the indictment because § 922(g)(1) is an unconstitutional exercise of Congress's power under the Commerce Clause. He relies on three recent Supreme Court cases to support his contention: *United States v. Lopez*, 514 U.S. 549, 115 S.Ct. 1624, 131 L.Ed.2d 626 (1995), *United States v. Morrison*, 529 U.S. 598, 120 S.Ct. 1740, 146 L.Ed.2d 658 (2000), and *Jones v. United States*, 529 U.S. 848, 120 S.Ct.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

1904, 146 L.Ed.2d 902 (2000). But we have repeatedly rejected similar challenges to the constitutionality of § 922(g) invoking *Lopez, Morrison,* and *Jones,* and Shuford has offered no reason why we should depart from our previous holdings. *United States v. Fleischli,* 305 F.3d 643, 652–53 (7th Cir.2002); *United States v. Lemons,* 302 F.3d 769, 772–73 (7th Cir. 2002); *United States v. Mitchell,* 299 F.3d 632, 633–35 (7th Cir.2002).

With respect to his motion to suppress evidence, Shuford argues that the search warrant was issued improperly because the supporting affidavit, which relied primarily on the word of an informant, failed to establish probable cause. Whether the state judge who issued the warrant erred in crediting the informant does not matter in this case, however, because the Beloit police department's reliance on the warrant brings this case within the exception to the exclusionary rule set forth in *United States v. Leon,* 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). Shuford has presented no evidence that the officers' reliance on the warrant was unreasonable or that the magistrate who issued the warrant was not "detached and neutral," *Id.* at 913, 104 S.Ct. 3405, and the district court correctly denied his motion to suppress.

AFFIRMED