**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Steven H. WOLVIN, Defendant–**
**Appellant.**

**No. 02–3087.**

United States Court of Appeals,
Seventh Circuit.

Argued Jan. 23, 2003.

Decided March 27, 2003.

Before BAUER, CUDAHY, and
COFFEY, Circuit Judges.

ORDER

On April 23, 2002, defendant Stephen Wolvin pleaded guilty to a charge of being a felon in possession of ammunition in violation of 18 U.S.C. § 922(g)(1). Wolvin's plea was conditioned upon his being able to pursue an appeal on the constitutionality of this statute. The district court sentenced Wolvin to 27 months in prison. Wolvin now challenges the constitutionality of the felon-in-possession statute, claiming that the statute exceeds congressional authority under the Commerce Clause. Because the constitutionality of 18 U.S.C. § 922(g)(1) is well settled in the Seventh Circuit, we affirm.

I.

In March 2001, Stephen Wolvin placed a telephone call to Bureau of Alcohol, Tobacco, and Firearms (ATF) Special Agent William Temple. Wolvin informed Temple that he suspected Marquette County, Wisconsin, law enforcement officers of taking several of Wolvin's guns while he was briefly jailed in July 1991. Fearing that Wolvin might visit some sort of retribution upon the officers, Temple contacted Wolvin's state probation agent, Valerie Parsons.

A few days later, Parsons arrived at work to find a copy of a flier prepared by Wolvin stuck on her door. On the flier were a photograph of a developmentally disabled girl whom. Wolvin had been charged with sexually assaulting[1] and a

---

1. These charges were eventually dismissed by the Marquette County District Attorney.

photograph of one of Wolvin's missing guns. It also contained text accusing local law enforcement agents of framing Wolvin on the sexual assault, blaming the agents for the disappearance of his guns and suggesting that ATF would be investigating and rectifying these claims. That same day, Parsons and members of the Marquette County Sheriff's Department found Wolvin in the Marquette County Courthouse distributing his fliers and took him into custody.

When Wolvin was booked at the Marquette County jail, one round of ammunition was found on his person. A search of Wolvin's car revealed four more rounds, and a search of his house 63 additional rounds of ammunition.[2] ATF conducted an "interstate nexus check" on the ammunition and found that the rounds had been manufactured variously in Illinois, Minnesota, Arkansas, Missouri, South Africa and China.

A grand jury returned an indictment against Wolvin for three counts of being a felon in possession of ammunition in violation of 18 U.S.C. 922(g)(1).[3] Wolvin entered into a plea agreement, under which he pleaded guilty to one count of the indictment and reserved his right to appeal the constitutionality of the statute, Fed. R.Crim.P. 11(a)(2).

## II.

We review de novo the constitutionality of a federal statute. *United States v. Wilson*, 73 F.3d 675, 678 (7th Cir.1995). However, as Wolvin concedes, "[t]his Court has clearly and recently stated its position on the constitutionality of 18 U.S.C. § 922(g) under the Commerce Clause." Appellant's Reply Br. at 1 (citing *inter alia United States v. Lemons*, 302 F.3d 769 (7th Cir. 2002), *cert. denied*, —— U.S. ——, 123 S.Ct. 642, 154 L.Ed.2d 523 (2002)). Our prior decisions are controlling, and, *only as a panel*, we may not overrule Circuit precedent. *United States v. Walton*, 255 F.3d 437, 443 (7th Cir.2001); *cf. United States v. Carlos–Colmenares*, 253 F.3d 276, 277 (7th Cir.2001) (overruling a precedent, after a 7th Cir. R. 40(e) circulation of the overruling opinion to all active members of the court, on the ground that all other circuits that have since considered the same issue have come to a contrary conclusion).

Wolvin argues that his ammunition's crossing of state lines at some undetermined time prior to his purely local possession of the ammunition when he was detained provides an insufficient nexus to interstate commerce to bring the possession within the authority of Congress under the Commerce Clause. Wolvin's argument is based primarily on three Supreme Court cases. The first and most important of these is *United States v. Lopez*, 514 U.S. 549, 115 S.Ct. 1624, 131 L.Ed.2d 626 (1995). In *Lopez*, the Supreme Court found § 922(q), the Gun Free School Zones Act of 1990, to be outside the bounds of Congress's Commerce Clause authority because it "neither regulate[d] a commercial activity nor contain[ed] a requirement that the possession be connected in any way to interstate commerce."

---

**2.** The four rounds were incorporated with New York City subway tokens and a decorative medallion into a necklace. *See* Record at 35, Objections to Presentence Report (including as exhibits photographs of the necklace); Record at 36, Mem. in Supp. of Adjustment Under 2K1.2 for Possession of Ammunition as a Collectable.

**3.** Wolvin had earlier been convicted of a felony for stealing silverware from his mother, whom he initially had blamed for the disappearance of his guns. Appellant's Opening Br. at 4.

*Id.* at 551, 115 S.Ct. 1624. The Supreme Court examined the limits of Commerce Clause authority again in *United States v. Morrison,* 529 U.S. 598, 120 S.Ct. 1740, 146 L.Ed.2d 658 (2000). In *Morrison,* the Court overturned a part of the Violence Against Women Act that provided a federal civil remedy for the victims of gender-motivated violence, stating that Congress may not "regulate noneconomic, violent criminal conduct based solely on that conduct's aggregate effect on interstate commerce." *Id.* at 617, 120 S.Ct. 1740. The third case Wolvin relies on is *Jones v. United States,* 529 U.S. 848, 120 S.Ct. 1904, 146 L.Ed.2d 902 (2000). In *Jones,* the Supreme Court construed a federal arson statute to apply only to property currently used in commerce or in an activity affecting commerce. *Id.* at 859, 120 S.Ct. 1904. The Court imposed this construction reasoning that a broader reading of the statute would raise grave and doubtful constitutional questions about its constitutionality in light of *Lopez. Id.* at 857–58, 120 S.Ct. 1904.

The law in this Circuit, however, is clear. *See, e.g., Lemons,* 302 F.3d 769; *United States v. Mitchell,* 299 F.3d 632 (2002), *cert. denied,* —— U.S. ——, 123 S.Ct. 908, 154 L.Ed.2d 817 (2003); *United States v. Wesela,* 223 F.3d 656 (2000), *cert. denied,* 531 U.S. 1174, 121 S.Ct. 1145, 148 L.Ed.2d 1008 (2001). As we mentioned in *Lemons,* 302 F.3d at 772, the Supreme Court found notable in *Lopez* the absence of a jurisdictional element in the Gun Free School Zones Act statute, 514 U.S. at 561, 115 S.Ct. 1624. As we mentioned in *Mitchell,* 299 F.3d at 634, the Supreme Court made a similar observation about the offending portion of the Violence Against Women Act, noting further that *"Lopez* makes clear" that such a jurisdictional element would have lent support to the constitutionality of the Act. *Morrison,* 529 U.S. at 613, 120 S.Ct. 1740. The felon-in-posses-

sion statute, on the other hand, has a jurisdictional element that has been considered by the Supreme Court in *United States v. Bass,* 404 U.S. 336, 92 S.Ct. 515, 30 L.Ed.2d 488 (1971), and *Scarborough v. United States,* 431 U.S. 563, 97 S.Ct. 1963, 52 L.Ed.2d 582 (1977), the latter case holding that only a minimal nexus with interstate commerce satisfies the interstate commerce requirement of the felon-in-possession statute (then 18 U.S.C. § 1202). *See Lemons,* 302 F.3d at 770–71 (recognizing that the Supreme Court in those cases was "principally concerned" with congressional intent, but finding that "the constitutional question was not far from the Court's mind"). Wolvin asks us to read the holding of *Lopez* more broadly, but his arguments are ones we have already rejected in *Lemons* after taking *Lopez, Morrison* and *Jones* into consideration.

While it appears that at least one of our sister circuits may be moving closer to accepting an argument like Wolvin's, *see United States v. McFarland,* 311 F.3d 376 (5th Cir.2002) (en banc) (affirming the constitutionality of the federal Hobbs Act robbery and extortion statute by an equally divided court), *cert. denied,* —— U.S. ——, 123 S.Ct. 1749, 155 L.Ed.2d 515 (2003) (No. 02–8338), we are bound by Seventh Circuit precedent on this point. As stated in *Lemons,* "If, indeed, *Lopez'*s rationale calls into doubt our construction and application of section 922(g)(1), it is for the Supreme Court to so hold." 302 F.3d at 773.

III.

The judgment of the district court is AFFIRMED.