In the

# United States Court of Appeals

### For the Seventh Circuit

No. 02-2442

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

RUSSELL D. BASS,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 01-CR-109—**Rebecca R. Pallmeyer**, *Judge.*

ARGUED JANUARY 23, 2003—DECIDED APRIL 7, 2003

Before BAUER, CUDAHY, and COFFEY, *Circuit Judges.*

COFFEY, *Circuit Judge.* Russell Bass ("Bass"), a felon, challenges his conviction and sentence after pleading guilty to violating 18 U.S.C. § 922(g)(1), prohibiting felons from knowingly possessing a firearm. We affirm.

## I. FACTUAL BACKGROUND

At approximately 11:30 p.m. on January 18, 2001, Bass was stopped by police officers in Joliet, Illinois for failing to signal a traffic turn. After determining that Bass's driver's license had been suspended, the officers placed Bass under arrest for driving with a suspended license and

performed an inventory search of his car. The officers discovered a loaded Davis .380 pistol under the front seat.

As Bass was a convicted felon, he was charged with violating 18 U.S.C. § 922(g)(1), which prohibits a convicted felon from knowingly possessing a firearm. After the district court denied Bass's motion to suppress on the grounds that the police had probable cause to stop and search his car, Bass entered a conditional plea of guilty, reserving the right to appeal the denial of his motion to suppress. At sentencing, the district judge imposed a two-point enhancement for obstruction of justice, having found that Bass testified falsely at the suppression hearing. The final judgment for the 300-month sentence was entered on May 24, 2002.

Bass timely filed this appeal. The district court had jurisdiction pursuant to 18 U.S.C. § 3231 (providing for original jurisdiction for all offenses against the laws of the United States). This Court has appellate jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a)(2).

## II.  ANALYSIS

Bass raises three issues on appeal. Initially, he claims that Congress exceeded its authority in enacting 18 U.S.C. § 922(g)(1), as "the intrastate possession of a firearm does not substantially affect commerce." Second, Bass argues that the district court erred in denying his motion to suppress because the police lacked probable cause to stop Bass's vehicle. Third, Bass appeals his two-point sentence enhancement for obstruction of justice.

### A.  The Constitutionality of 18 U.S.C. § 922(g)

The standard of review for a district court's determination of a statute's constitutionality is *de novo*. *United States v. Schaffner*, 258 F.3d 675, 678 (7th Cir. 2001).

This Circuit has repeatedly upheld the constitutionality of the federal felon-in-possession statute, including two cases within the past year. *See United States v. Lemons*, 302 F.3d 769, 772-73 (7th Cir. 2002); *United States v. Mitchell*, 299 F.3d 632, 633-35 (7th Cir. 2002). Unlike the "school gun law" found in 18 U.S.C. § 922(q), which the Supreme Court struck down in *United States v. Lopez*, 514 U.S. 549 (1995), the statute under which Bass was prosecuted explicitly includes a jurisdictional element—*i.e.*, the felon may not "possess in or affecting commerce" a firearm or ammunition. 18 U.S.C. § 922(g). In addition, the district court found the requisite nexus between Bass's possession of the gun and interstate commerce—*i.e.*, that the gun had been manufactured in California and shipped to Illinois. (Appellee's Br. at 11-12 (citing R. 41 at 2-3)).

In light of the fact that the Seventh Circuit has repeatedly held that the jurisdictional element saves 18 U.S.C. § 922(g)(1) from the fate of the one struck down in *Lopez,* we decline Bass's invitation to overrule our own precedent and affirm the district court's holding that 18 U.S.C. § 922(g)(1) is constitutional.

## B. The Denial of the Motion to Suppress

Bass's claim that the district court erred in denying his motion to suppress the gun found in his car turns on the district judge's determination as to balancing the credibility question between the police officer and the felon Bass. A district court's findings of fact are reviewed for clear error. *United States v. Jackson*, 189 F.3d 502, 507 (7th Cir. 1999). Reversal under this standard is appropriate only when the reviewing court is "left with the definite and firm conviction that a mistake has been made," *United States v. Tilmon*, 19 F.3d 1221, 1224 (7th Cir. 1994), such as a situation in which a district court credited "exceedingly

improbable testimony." *United States v. Huerta*, 239 F.3d 865, 872 (7th Cir. 2001).

As a general matter, a police officer's decision to stop a car is reasonable if the officer has reason to believe a traffic violation has occurred. *Whren v. United States*, 517 U.S. 806, 810 (1996). Any ulterior motive an officer may have for making the stop is irrelevant. *Id.* at 813 ("Subjective intentions play no role in ordinary, probable-cause Fourth Amendment analysis.") An inventory search of the stopped vehicle is permissible and acceptable police operating procedure if it is made in good faith compliance with reasonable police regulations. *Colorado v. Bertine*, 479 U.S. 367, 374 (1987).

At the suppression hearing, Bass testified that he had driven every day for the previous 26 years and had never once failed to use his turn signal. He also admitted in his testimony that he had a record of prior felony convictions, had previously been caught driving with a suspended license, that he was addicted to marijuana at the time of the incident, and that he had smoked marijuana the day of the incident (*i.e.*, January 18, 2001). Sergeant Hoop, the Joliet police officer who made the stop, testified to the contrary that Bass failed to signal before making the turn.

In denying Bass's suppression motion, the trial judge explicitly noted that she found Bass's testimony to be incredible. (10/9/01 Tr. at 57-59.) Given the great deference given to a trial court's credibility determinations, and given the fact that the district judge found that Sergeant Hoop's testimony was credible and that Bass's testimony was not, we affirm the lower court's denial of Bass's motion to suppress.

## C. The Obstruction of Justice Enhancement

This Court reviews *de novo* whether the district court addressed the proper factors in imposing an obstruction of justice enhancement, and reviews for clear error the court's findings of fact. *United States v. Carrera*, 259 F.3d 818, 831 (7th Cir. 2001).

Perjury is defined as providing "false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory." *United States v. Jackson*, 300 F.3d 740, 749 (7th Cir. 2002) (quotation omitted). Perjury is a prime example of conduct that warrants consideration of the imposition of an obstruction of justice enhancement. *See id.* While "it is preferable for a district court to address each element of the alleged perjury in a separate and clear finding," an enhancement will withstand scrutiny if the court makes a finding "that encompasses all of the factual predicates for a finding of perjury." *United States v. Dunnigan*, 507 U.S. 87, 95 (1993).

The Probation Office's Pre-sentence Report recommended that Bass's sentence be enhanced by two points under U.S.S.G. § 3C1.1 because Bass falsely testified that he had used his turn signal the night of the incident. At the sentencing hearing on May 22, 2002, the district court concluded that Bass had intentionally exaggerated while under oath at the suppression hearing on the "critical" issue at stake; namely, whether he had his turn signal operating on the night of January 18, 2001. (Sentencing Tr. at 7-13.)

Thus, as the sentencing judge set forth findings that encompassed all the factual predicates for a finding of perjury—*i.e.*, materiality, willfulness, and falsity—we affirm the district court's imposition of the obstruction enhancement.

## III.  CONCLUSION

Based on the foregoing, Bass's conviction and sentence are hereby AFFIRMED.

A true Copy:

       Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*