UNITED STATES of America, Plaintiff–Appellee,

v.

Anthony MASSIE, Defendant–Appellant.

No. 02–4179.

United States Court of Appeals, Seventh Circuit.

Submitted June 5, 2003.

Decided June 5, 2003.

Before EASTERBROOK, KANNE, and WILLIAMS, Circuit Judges.

ORDER

Anthony Massie pleaded guilty to possession of a firearm by a felon, 18 U.S.C. § 922(g)(1). The district court sentenced Massie to 64 months' imprisonment, three years' supervised release, a fine of $1000, and a special assessment of $100. Massie filed a notice of appeal, but his counsel seeks to withdraw, being unable to identify a nonfrivolous basis for appeal. *See Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Pursuant to Circuit Rule 51(b), Massie was given notice of counsel's motion, but he did not respond. Because counsel's brief is facially adequate, we limit our review to the potential issues that counsel identifies. *See United States v. Tabb,* 125 F.3d 583, 584 (7th Cir.1997) (per curiam).

Counsel first examines whether Massie could mount a constitutional challenge based on the Commerce Clause to § 922(g). Although Massie preserved this argument for appeal in his plea agreement, *see* Fed.R.Crim.P. 11(a)(2); *United States v. Behrman,* 235 F.3d 1049, 1052 (7th Cir. 2000) ("Plea agreements may preserve some (or all) constitutional arguments."), our repeated rejections of this challenge foreclose it, *see, e.g., United States v. Fleischli,* 305 F.3d 643, 653 (7th Cir.2002), *cert. denied,* —— U.S. ——, 123 S.Ct. 1923, 155 L.Ed.2d 828 (2003); *United States v. Lemons,* 302 F.3d 769 (7th Cir.), *cert. denied,* —— U.S. ——, 123 S.Ct. 642, 154 L.Ed.2d 523 (2002); *United States v. Mitchell,* 299 F.3d 632, 635 (7th Cir.2002), *cert. denied,* —— U.S. ——, 123 S.Ct. 908, 154 L.Ed.2d 817 (2003).

Counsel next examines whether Massie could make a nonfrivolous argument that the district court erred in denying his motion for a downward departure based on the conditions of pre-sentence confinement. As noted above Massie reserved some grounds for appeal in his plea agreement (denial of a downward departure not being one of them, however) and explicitly waived all others. We uphold waivers of appeal unless the plea agreement in which a waiver is contained is annulled for some reason. *United States v. Hare,* 269 F.3d 859, 860 (7th Cir.2001). Furthermore, we may review denials of downward departures *only if* the denial resulted from a sentencing judge's conclusion that he lacked the authority to depart. *United States v. Johnson,* 289 F.3d 1034, 1043 (7th Cir.2002). Here, the sentencing transcript reveals that the judge actually concluded that he had the authority to depart, but ultimately decided that it would not be appropriate in this case. Thus, the judge's denial boiled down to a judgment call based on the circumstances of the case, and we lack jurisdiction to review this

discretionary decision. Accordingly, because the potential issues that counsel identifies are indeed frivolous, counsel's motion to withdraw is GRANTED and the appeal is DISMISSED.