**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Ancy COUCH, Defendant–Appellant.**

**No. 03–4038.**

United States Court of Appeals,
Seventh Circuit.

Submitted April 5, 2004.

Decided April 6, 2004.

Rehearing and Rehearing En Banc
Denied May 7, 2004.

Timothy M. Morrison, Indianapolis, IN, for Plaintiff–Appellee.

Ancy Couch, Beaver, WV, pro se.

Before BAUER, COFFEY, and ROVNER, Circuit Judges.

## ORDER

Ancy Couch was convicted by a jury of possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1). The district court sentenced him as an armed career criminal, 18 U.S.C. § 924(e)(1), imposing 235 months of imprisonment, five years of supervised release, and a special assessment of $100. Couch filed a notice of appeal, but his appointed counsel now seeks to withdraw because he cannot find a nonfrivolous basis for appeal. *See Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Counsel's brief is facially adequate, so we limit our review to the potential issues he identifies along with those that Couch addresses in his response filed under Circuit Rule 51(b). *See United States v. Tabb*, 125 F.3d 583, 584 (7th Cir.1997).

Couch's conviction stems from an incident in November 2002, when a police officer heard gunshots and observed a flash emanating from the car in which Couch was a passenger. The officer stopped the vehicle and questioned Couch and his girlfriend, who had been driving. Both stated that there were no firearms in the vehicle, and Couch suggested that he had lit some fireworks and thrown them out the car window. Couch's girlfriend agreed to a search of the car, and a .9 millimeter semi-automatic handgun was recovered from the glove compartment. Under further questioning, Couch admitted that he was holding the gun for someone who owed him money and that he had shot the gun four times as a salute to "Scotty," a friend who had recently died. At trial, however, Couch's girlfriend testified that she had fired the weapon out the window of the car "right in front of his face" in an attempt to dissuade him from

going to a local motorcycle club, where she feared he would encounter danger and "come out bleeding." She stated that Couch had reflexively grabbed the weapon from her, removed a cartridge, and put both the weapon and the cartridge in the glove box. This testimony formed the basis for Couch's argument at trial that his possession of the weapon was justified by necessity, in essence that he grabbed the gun because he feared his girlfriend would accidentally shoot him or someone passing them on the highway. Although the court instructed the jury on this defense over the prosecution's objection, Couch was found guilty.

■ Counsel and Couch first consider whether Couch could argue that the statute under which he was convicted, 18 U.S.C. § 922(g), is unconstitutional because it does not require a sufficient nexus with interstate commerce. As Couch points out, purely criminal statutes that have nothing to do with economic activity between the states exceed Congress' powers. *United States v. Lopez*, 514 U.S. 549, 560, 115 S.Ct. 1624, 131 L.Ed.2d 626 (1995). However, § 922(g) deals with economic activity because it prohibits only possession by a felon that is "in or affecting commerce," making it a constitutionally valid exercise of the commerce power. *United States v. Bass*, 325 F.3d 847, 849 (7th Cir.2003). Any argument to the contrary would be frivolous.

■ Counsel and Couch next ask whether Couch could challenge the sufficiency of the evidence underlying his conviction for being a felon in possession. In reviewing such a challenge, we would view the evidence in the light most favorable to the government, affirming so long as any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *United States v. Bowman*, 353 F.3d 546, 552 (7th Cir.2003). The elements of being a felon in possession

are: (1) a previous felony conviction, (2) possession of a firearm, and (3) that the firearm traveled in interstate commerce. 18 U.S.C. § 922(g)(1); *United States v. Morris*, 349 F.3d 1009, 1013 (7th Cir.2003). At trial Couch stipulated to the first and third elements, and his girlfriend testified as to the second–that he handled the weapon. The charge that Couch possessed the weapon was further supported by the police officer's observations of gunshots and a flash that appeared to be a gun firing, as well as Couch's own statement during the stop that he had fired the weapon. Therefore, an argument that Couch's conviction was not supported by the evidence would be frivolous.

■ Counsel then considers whether Couch could argue that the police violated his Fourth Amendment rights by stopping him without reasonable suspicion. Counsel asserts that the "officer's initial questions ... implied some uncertainty as to whether what he saw and heard was the result of gunshots." Couch forfeited this challenge, however, by failing to raise it in the district court, so we would review it only for plain error. *United States v. Smith*, 230 F.3d 300, 309 (7th Cir.2000). Regardless, any claim that the officer's investigatory stop was not supported by reasonable suspicion would be frivolous. *See Terry v. Ohio*, 392 U.S. 1, 30, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968) (officer need only have specific, articulable facts that gave rise to a reasonable suspicion of criminal activity). The officer here acted upon gunshots that he heard and a flash that he saw coming from Couch's vehicle, and these details are sufficient to establish reasonable suspicion of criminal activity. *See United States v. Woods*, 233 F.3d 482, 485 (7th Cir.2000). Accordingly, an argument that the stop was unconstitutional would be frivolous.

Counsel next explores whether Couch might argue that the district court's calcu-

lation of his sentence was incorrect. However, because Couch not only failed to object to the guideline calculations in the presentence report but agreed at the sentencing hearing that he had no "reason to dispute" them, appellate review of this issue would be altogether precluded. *United States v. Fudge*, 325 F.3d 910, 916 (7th Cir.2003).

Similarly, counsel considers whether Couch could raise a claim of ineffective assistance of counsel. As counsel concludes, however, such a claim would be better reserved for a petition under 28 U.S.C. § 2255, where matters outside the record could be considered. *See United States v. Rezin*, 322 F.3d 443, 445 (7th Cir.2003).

■ Couch adds two potential issues for appeal based on the district court's handling of his necessity defense. Couch first considers an argument that the district court improperly instructed the jury on his defense by failing to state that the prosecution bore the burden of disproving necessity. Because Couch's counsel approved all the instructions given at the trial, however, we would review them only for plain error. *United States v. Ackley*, 296 F.3d 603, 606 (7th Cir.2002). But Couch's recollection of the instructions given is simply incorrect. The record reflects that the district court instructed the jury that the government had to prove "that necessity, as defined in these instructions, did not excuse possession of the firearm." Therefore, Couch's argument would be frivolous. Similarly, Couch proposes an argument that "his true defense was that of justification, and the Court was in error to decide [that he raised] a defense of necessity." However, it was Couch's counsel who characterized the defense as one of necessity by submitting a necessity instruction and successfully arguing that the jury should hear it. A defendant cannot complain that the trial court gave an instruction which his counsel requested, *see United States v. Muskovsky*, 863 F.2d 1319, 1329 (7th Cir.1988), so Couch's argument would be frivolous.

Next Couch proposes challenging his conviction on the grounds that the prosecutor made statements (Couch does not specify when) that "constructively amended Couch's indictment for possessing a firearm on or about November 19, 2002 to include some other possession at a previous time." Couch is correct that the Fifth Amendment prohibits a prosecutor from introducing proof at trial that seeks to establish offenses different from those charged by the grand jury. *United States v. Pigee*, 197 F.3d 879, 886 (7th Cir.1999). However, a prosecutor has leeway to suggest that the charged crime may have occurred at any time before the indictment, so long as the date is not an element of the crime. *United States v. Folks*, 236 F.3d 384, 391 (7th Cir.2001). Therefore, Couch's rather vague argument regarding the prosecutor's comments would be frivolous.

Couch also considers a potential challenge to the admission of evidence that his fingerprint was found under the hand grip of the gun; he suggests that the fingerprint was not relevant because it could not have been left on the day of the charged offense, when the hand grips were attached to the gun. Because Couch did not object to the admission of this evidence at trial, we would review only for plain error, and reverse only if the evidence should not have been admitted and its admission changed the outcome of the trial. *United States v. Curtis*, 280 F.3d 798, 801 (7th Cir.2002). Given the testimony from Couch's girlfriend and the police officer that Couch possessed the weapon, any argument that the admission of this fingerprint into evidence changed the outcome of Couch's trial would be frivolous.

Finally, Couch considers an argument that the jury selection in his case violated the Sixth Amendment because the pool of jurors contained an inordinate number of lawyers and paralegals and thus was not a fair cross-section of the community. However, the Sixth Amendment is only violated when a legally "distinctive" group is excluded from the jury pool. *United States v. Alanis,* 265 F.3d 576, 583 (7th Cir.2001). Because lawyers and paralegals are a heterogenous group and do not necessarily share "attitudes, beliefs, or experiences," their presence or absence on the jury would not violate the Constitution. *See United States v. Raskiewicz,* 160 F.3d 459, 463 (7th Cir.1999). Therefore, Couch's argument would be frivolous.

Accordingly, counsel's motion to withdraw is GRANTED and the appeal is DISMISSED.