UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 2, 2006[*]
Decided November 3, 2006

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. FRANK H. EASTERBROOK, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

No. 05-3887

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    *Plaintiff-Appellee,*<br><br>v.<br><br>SERGIO DIAZ,<br>    *Defendant-Appellant.* | Appeal from the United States<br>District Court for the Northern<br>District of Illinois, Eastern Division.<br><br>No. 03 CR 935<br><br>Amy J. St. Eve,<br>    *Judge.* |

**O R D E R**

Sergio Diaz was convicted of being a felon in possession of a firearm under 18 U.S.C. § 922(g)(1), which he argues is unconstitutional. He first made this argument when he moved to dismiss his indictment, asserting that the statute is unconstitutional under the commerce clause because it criminalizes the possession of firearms that do not substantially affect interstate commerce. *See United States*

---

[*] After examination of the briefs and the record, we have concluded that oral argument is unnecessary. Counsel concedes that he raises his argument here only to preserve it for review by the Supreme Court. Thus, the appeal is submitted on the briefs and the record. Fed. R. App. P. 34(a)(2).

*v. Lopez*, 514 U.S. 549 (1995). The district court denied Diaz's motion without explanation.

A jury subsequently found Diaz guilty. Afterward, Diaz moved for acquittal or a new trial under Rules 29 and 33 of the Federal Rules of Criminal Procedure renewing, among other things, his arguments from his earlier motion. The district court denied this motion without explanation.

On appeal, Diaz reiterates his argument that § 922(g)(1) is unconstitutional on its face because it lacks the required nexus to interstate commerce under *Lopez*. Diaz admits that the precedent of this circuit is against him and that he raises the argument only to preserve it for review by the Supreme Court.

We have consistently rejected Diaz's argument. *See, e.g., United States v. Van Sach*, 458 F.3d 694, 703 (7th Cir. 2006); *United States v. Olson*, 408 F.3d 366, 372-73 (7th Cir. 2005); *United States v. Lemons*, 302 F.3d 769, 772-73 (7th Cir. 2002); *United States v. Bass*, 325 F.3d 847, 849 (7th Cir. 2003). If *Lopez* does invalidate § 922(g)(1), it is for the Supreme Court to so hold. *Lemons*, 302 F.3d at 773.

AFFIRMED