**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted October 10, 2007
Decided October 11, 2007

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. KENNETH F. RIPPLE, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

No. 07-1304

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee,* <br><br> v. <br><br> ARIS SANTIAGO, <br> *Defendant-Appellant.* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division <br><br> No. 06-CR-519-1 <br><br> Joan Humphrey Lefkow, <br> *Judge.* |

**O R D E R**

Aris Santiago pleaded guilty to possessing a firearm after a felony conviction. 18 U.S.C. § 922(g)(1).  The district court sentenced him within the guidelines range to 96 months' imprisonment.  Santiago appeals, but his appointed counsel has moved to withdraw because he cannot discern a nonfrivolous basis for appeal.  *See Anders v. California*, 386 U.S. 738 (1967).  We invited Santiago to respond to counsel's motion, see Cir. R. 51(b), and he has done so.  Our review is limited to the potential issues identified in counsel's facially adequate brief and in Santiago's response.  *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Santiago's presentence report recommended that his base offense level be enhanced four levels because he used the firearm in the commission of another

felony, an attempted home invasion.  *See* U.S.S.G. § 2K2.1(b)(6).  The government anticipated introducing at sentencing a tape-recorded conversation between Santiago and another individual planning the break-in.  At the hearing, however, Santiago conceded that the enhancement should apply.  The district court therefore applied it without listening to the tape and calculated a guidelines range of 84 to 105 months' imprisonment.

The court then invited argument on the sentencing factors in 18 U.S.C. § 3553(a).  The government argued that Santiago should receive a sentence at the high end of the guidelines range because, in the government's view, he was a high-ranking gang member and a danger to the community.  The district court permitted the government, with no objection from Santiago, to introduce the tape to prove his gang affiliation because, according to the PSR, he denied it.  Santiago in turn asked the court to consider that he might be required to serve additional time if his state parole is revoked.  The judge thought that was unlikely.  The court added that it surmised, although did not think it "necessary to pin down," that Illinois might credit Santiago's federal imprisonment to a future sentence.  The court ultimately chose a sentence in the middle of the guidelines range, 96 months, because of Santiago's youth, family life, and his apparent desire to reform.

Counsel and Santiago first consider arguing that § 922(g)(1) is unconstitutional because it does not require the government to prove that Santiago's possession of a firearm substantially affected interstate commerce.  This argument would be frivolous because we have repeatedly rejected it, holding that the "argument is clearly foreclosed by controlling precedent." *United States v. Ortiz,* 474 F.3d 976, 980 (7th Cir. 2007); *accord United States v. Van Sach,* 458 F.3d 694, 703 (7th Cir. 2006); *United States v. Bass*, 325 F.3d 847, 849 (7th Cir. 2003).  And neither Santiago nor counsel identify any argument not already considered and rejected in those cases.

Counsel and Santiago next consider arguing that the district court violated the dictates of *United States v. Booker,* 543 U.S. 220 (2005), by enhancing Santiago's base offense level using facts not found by the jury.  We agree with counsel that this argument is patently frivolous.  A sentencing judge may make factual findings under the advisory guideline regime and the ultimate sentence imposed, if reasonable and below the statutory maximum, will be affirmed.

Counsel next considers arguing that the recorded conversation introduced at sentencing was irrelevant because Santiago conceded that the enhancement under § 2K2.1(b)(6) applied.  Counsel correctly concludes that this potential argument is waived because after the tape was played, Santiago twice conceded that the court could consider "any" evidence then before the court in its analysis of the § 3553(a) factors.  *See United States v. Mantas*, 274 F.3d 1127, 1130-31 (7th Cir. 2001). But

even if Santiago had merely forfeited the argument, it is clear that the tape was not introduced in support of the enhancement: the government introduced the recording to prove that Santiago was a dangerous, high-ranking gang member who merited a sentence at the high end of the guidelines range. This was proper because the government has an obligation under 18 U.S.C. § 3661 to bring all information relevant to sentencing to the district court's attention. *See United States v. Salazar*, 453 F.3d 911, 914 (7th Cir. 2006). And to the extent we can read Santiago's 51(b) response to argue that his counsel was ineffective for conceding the enhancement, this argument must wait for a collateral proceeding under 28 U.S.C. § 2255. *See Massaro v. United States*, 538 U.S. 500, 504-05 (2003); *United States v. Turcotte*, 405 F.3d 515, 537 (7th Cir. 2005).

Counsel and Santiago next consider whether Santiago could argue that his prison sentence is unreasonable because the district court refused to consider the possibility of a state parole revocation. Counsel points out that the district court's professed belief that Santiago might receive state credit for his federal sentence was erroneous because a parolee may receive credit for time spent in custody only if it has not been credited against another sentence. *See* 730 ILCS 5/3-9(a)(3)(ii). Counsel, though, correctly concludes that this argument would be frivolous. Santiago's sentence is within the properly calculated guidelines range and would thus be presumed reasonable on appeal. *See United States v. Rita*, No. 06-5754, 2007 WL 1772146, at *6 (U.S. Jun. 21, 2007); *United States v. Gama-Gonzalez*, 469 F.3d 1109, 1110 (7th Cir. 2006). The district court ultimately deemed Santiago's possible parole revocation irrelevant even if state credit was unavailable—a perfectly reasonable position. The court then gave detailed and meaningful consideration to the relevant factors in § 3553(a), which is all it was required to do. *See United States v. Laufle*, 433 F.3d 981, 987 (7th Cir. 2006).

Counsel and Santiago finally consider arguing that Santiago's sentence—eight years' imprisonment plus three years' supervised release—is longer than the statutory maximum of ten years. But a term of supervised release carries its own statutory maximum, see 18 U.S.C. § 3583(b)(2), and the three years are not counted toward the ten-year limit set by the substantive statute. *See United States v. Colt,* 126 F.3d 981, 982-83 (7th Cir. 1997).

Accordingly, the motion to withdraw is GRANTED and the appeal is DISMISSED.