**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Alton MILLS, Defendant–Appellant.**

No. 94–2788.

United States Court of Appeals,
Seventh Circuit.

Argued Oct. 30, 1995.

Decided March 11, 1996.

Remanded Nov. 18, 1996.

Decided Aug. 8, 1997.

Before CUMMINGS, RIPPLE and ILANA DIAMOND ROVNER, Circuit Judges.

RIPPLE, Circuit Judge.

This case is before us on remand from the Supreme Court of the United States. *Mills v. United States,* —— U.S. ——, 117 S.Ct. 478, 136 L.Ed.2d 373 (1996). In its order, the Supreme Court granted Mr. Mills' petition for a writ of certiorari, vacated our earlier judgment and remanded the case to this court for reconsideration in light of the Court's intervening decision in *Ornelas v. United States,* —— U.S. ——, 116 S.Ct. 1657, 134 L.Ed.2d 911 (1996). Having reconsidered the matter in accordance with the mandate of the Supreme Court, we now affirm the judgment of the district court.

Our original opinion, *United States v. Banks,* 78 F.3d 1190 (7th Cir.1996), contains a full exposition of the background of this case. We shall not repeat that account here. In the earlier appeal, this court, following the precedent established in earlier cases, applied a clear error standard in reviewing the district court's determination that there had been no violation of Mr. Mills' Fifth Amendment rights. Mr. Mills now submits, and the government concurs, that *Ornelas* requires that we review this determination under a de novo standard. For the reasons set forth in this opinion, we agree with the parties that *Ornelas* requires application of a de novo standard of review to some of Mr. Mills' contentions.[1] Nevertheless, even under our independent review, we believe that the judgment of the district court must be affirmed.

## 1.

In *Ornelas,* the Supreme Court held that a two-step paradigm was to be employed in appellate review of two issues in Fourth

---

1. This case establishes, in light of intervening Supreme Court authority, a new standard of review for the voluntariness of the waiver of Fifth Amendment *Miranda* rights. Accordingly, pursuant to Circuit Rule 40(e), it has been circulated to the entire court. No judge favored a rehearing en banc on this issue.

Amendment jurisprudence, probable cause and reasonable suspicion:

> [A]s a general matter determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal. Having said this, we hasten to point out that a reviewing court should take care both to review findings of historical fact only for clear error and to give due weight to inferences drawn from these facts by resident judges and local law enforcement officers.

—— U.S. at ——, 116 S.Ct. at 1663. Although *Ornelas* dealt with the determinations of reasonable suspicion and probable cause in Fourth Amendment jurisprudence, we have recognized that the rationale of *Ornelas* cannot be limited, in a principled manner, to that single area of jurisprudence. In that decision, the Court had noted that independent appellate review was necessary because of considerations of uniformity of decision and of the predictability and ease of administration that would follow uniformity of decision. *See Ornelas,* —— U.S. at ——, 116 S.Ct. at 1662; *see also United States v. D.F.,* 115 F.3d 413, 416 (7th Cir.1997).

Writing for the court in the wake of *Ornelas,* Judge Coffey concluded, in *United States v. Yusuff,* 96 F.3d 982 (7th Cir.1996), *cert. denied,* —— U.S. ——, 117 S.Ct. 999, 136 L.Ed.2d 878 (1997), that the issue of whether a person has been subjected to "custodial interrogation" must be considered under the *Ornelas* paradigm. He noted that the Supreme Court already had held, in *Thompson v. Keohane,* 516 U.S. 99, 116 S.Ct. 457, 133 L.Ed.2d 383 (1995), that the same issue ought to be treated as a mixed question of law and fact when it arises in the context of a habeas corpus proceeding under 28 U.S.C. § 2254. He then commented that *Ornelas* had cast doubt on our circuit precedent that required the use of a deferential review with respect to mixed questions of law and fact in direct appeals. In light of those rulings, Judge Coffey, noting that some recent cases had suggested the appropriateness of a deferential standard of review, nevertheless reaffirmed our holding in *United States v. Hocking,* 860 F.2d 769, 772 (7th Cir.1988),

that "the ultimate issue of whether there was a custodial interrogation is a mixed question of law and fact ... independently reviewable by an appellate court." *See Yusuff,* 96 F.3d at 988.[2] Notably, in *Thompson,* the Supreme Court case upon which *Yusuff* relied, the Justices determined that plenary appellate review was necessary because the determination of "custody" for purposes of *Miranda* required the application of adjudicative facts to a legal standard. *See Thompson,* 516 U.S. at ——, 116 S.Ct. at 465.

More recently, in *United States v. D.F.,* 115 F.3d 413, 417 (7th Cir.1997), we held that the Ornelas paradigm applies to determine whether a confession is voluntary within the meaning of the Fifth Amendment. We therefore abandoned our circuit precedent that had employed a deferential standard. In reaching that determination, we reasoned that the issue of whether a confession is voluntary also requires the application of adjudicative facts to a legal standard and presents the same need for uniformity of meaning and consistency of application that the Supreme Court had encountered in *Ornelas* with respect to the determinations of reasonable suspicion and probable cause. In conforming our circuit practice to *Ornelas,* we nevertheless recognized that there was "important common ground" between *Ornelas* and our earlier decisions because the Supreme Court had stressed in *Ornelas* that "an appellate court ought to review deferentially the findings of the trial court with respect to the historical facts that underlie the issue of voluntariness." *Id.*

### 2.

Today we are confronted with a situation not unlike the one that confronted us when, in *D.F.,* the Supreme Court directed us to reconsider our standard of appellate review of the voluntariness of a defendant's statement. We noted in *D.F.* that, on the issue of the voluntariness of a confession, the other circuits, although employing a deferential standard of review to the underlying adjudicative facts of the case, traditionally had employed de novo review to the issue of voluntariness of a defendant's statement. Id. at 419. We alone had employed a deferential

---

**2.** Judge Coffey's view recently has been followed by Chief Judge Wilkinson of the Fourth Circuit in

*United States v. Howard,* 115 F.3d 1151, 1154 (4th Cir.1997).

standard. The Supreme Court directed us to reassess our position in light of *Ornelas*.

■ On the issue before us today, the voluntariness of the waiver of *Miranda* rights, the other circuits also are of one mind and employ the same paradigm as they do for assessing the voluntariness of a defendant's statement.[3] We stand alone in using a deferential standard of review with respect to the ultimate issue of voluntariness.[4]

This disparity between our approach and that of the other circuits would be, standing

**3.** See 2d Circuit: *United States v. Lynch*, 92 F.3d 62, 65 (2d Cir.1996) (de novo review of waiver of constitutional rights; clear error review of underlying factual findings); 3d Circuit: *United States v. Sriyuth*, 98 F.3d 739, 748–49 (3d Cir.1996) (plenary review of whether waiver was voluntary, knowing and intelligent; clear error review of factual findings), cert. denied, — U.S. ——, 117 S.Ct. 1016, 136 L.Ed.2d 892 (1997); 4th Circuit: *United States v. Guay*, 108 F.3d 545, 549 (4th Cir.1997) (de novo review of determination of voluntariness of *Miranda* rights waiver; clear error review of findings of fact); 5th Circuit: *United States v. Flores*, 63 F.3d 1342, 1363 (5th Cir.1995) (de novo review of ultimate conclusion of voluntariness; clear error review of findings of fact with respect to *Miranda* waiver), cert. denied, — U.S. ——, 117 S.Ct. 87, 136 L.Ed.2d 43 (1996); 6th Circuit: *United States v. Rigsby*, 943 F.2d 631, 635 (6th Cir.1991) (rejecting clear error review of waiver of *Miranda* rights; treating it like review of voluntariness of a confession), cert. denied, 503 U.S. 908, 112 S.Ct. 1269, 117 L.Ed.2d 496 (1992); 8th Circuit: *United States v. Byrne*, 83 F.3d 984, 989 (8th Cir.1996) (de novo review of knowing and voluntary waiver of Fifth Amendment rights; clear error review of factual findings); *United States v. Makes Room*, 49 F.3d 410, 414 (8th Cir.1995) (same); 9th Circuit: *United States v. Cazares*, 112 F.3d 1391, 1394 (9th Cir.1997) (de novo review of voluntariness of *Miranda* waiver; clear error review of whether the waiver was knowing and intelligent); *United States v. Anderson*, 79 F.3d 1522, 1525 (9th Cir.1996) (de novo review whether Fifth Amendment waiver was compelled); 10th Circuit: *United States v. Roman–Zarate*, 115 F.3d 778, 782 (10th Cir.1997) (de novo review of validity of Fifth Amendment waiver; clear error review of subsidiary factual determinations); *United States v. Toro–Pelaez*, 107 F.3d 819, 826 (10th Cir.1997) (de novo review of ultimate waiver determination; clear error review of factual findings), *petition for cert. filed*, No. 96–9380 (U.S. May 22, 1997); *United States v. Hernandez*, 93 F.3d 1493, 1501 (10th Cir.1996) (de novo review of waiver of Fifth Amendment rights and of voluntariness of a statement; deference to findings of fact); 11th Circuit: *United States v. Chirinos*, 112 F.3d 1089, 1102 (11th Cir.1997) (de novo review of *Miranda* rights waiver in suppression hearing; clear error review of findings of fact); *United States v. Barbour*, 70 F.3d 580, 584 (11th Cir.1995) (de novo review of ultimate conclusion of voluntariness of a confession and waiver of *Miranda* rights), cert. denied, — U.S. ——, 116 S.Ct. 1445, 134 L.Ed.2d 565 (1996); *United States v. Blackman*, 66 F.3d 1572, 1577 (11th Cir.1995) (same), *cert. denied*, — U.S. ——, 116 S.Ct. 1365, 134 L.Ed.2d 531 (1996); D.C. Circuit: *United States v. Yunis*, 859 F.2d 953, 958, 961 (D.C.Cir.1988) (de novo review of voluntary, knowing and intelligent waiver of *Miranda* rights; clear error review of subsidiary factual findings). The First Circuit appears never to have articulated a standard. Its decision in *United States v. Marenghi*, 109 F.3d 28 (1st Cir.1997), although less precise than the formulation in other circuits, appears to be in harmony with them.

**4.** *See, e.g., United States v. Betts*, 16 F.3d 748, 763 (7th Cir.1994) ("Whether an individual has knowingly and voluntarily waived his *Miranda* rights depends on the totality of the circumstances, and the district court's assessment on this subject is a factual one we review for clear error."). Notably, in *Betts*, the court added that "the ultimate question of whether a *Miranda* waiver is truly voluntary is a question of law subject to our de novo review." *Id.* at 763 n. 10.

We have followed the same rule in reviewing state cases within our habeas jurisdiction. *See, e.g., Henderson v. DeTella*, 97 F.3d 942, 946 (7th Cir.1996) (state habeas case employing deferential review to whether a defendant had voluntarily waived his *Miranda* rights), *cert. denied*, — U.S. ——, 117 S.Ct. 1471, 137 L.Ed.2d 683 (1997); *Baskin v. Clark*, 956 F.2d 142, 145 (7th Cir.), *cert. denied*, 506 U.S. 835, 113 S.Ct. 109, 121 L.Ed.2d 67 (1992) (same); *Bryan v. Warden, Ind. State Reformatory*, 820 F.2d 217, 219 (7th Cir.), *cert. denied*, 484 U.S. 867, 108 S.Ct. 190, 98 L.Ed.2d 142 (1987) (same). In *Bryan*, this court held that the determination of whether the waiver of *Miranda* rights had occurred was appropriately characterized as a factual determination. Notably, however, the court did not treat the determination of voluntariness of a waiver as a finding of historical fact, as that term is used in *Ornelas*. Rather, the court characterized it as a "subsidiary factual inquiry," based on antecedent findings of historical fact such as "the length and circumstances of the interrogation." *Bryan*, 820 F.2d at 219. What the court in *Bryan* termed a "subsidiary factual inquiry" falls squarely within the *Ornelas* definition of a mixed question of fact and law because it requires a determination of " 'whether the rule of law as applied to the established facts is or is not violated.' " *Ornelas*, — U.S. at ——, 116 S.Ct. at 1662 (quoting *Pullman–Standard v. Swint*, 456 U.S. 273, 289 n. 19, 102 S.Ct. 1781, 1791, 72 L.Ed.2d 66 (1982)). We need not determine today whether the same standard of review is appropriate when we re-

alone, a sufficient reason for our reconsidering our position. Here, of course, we have an express direction from the Supreme Court to undertake such a reassessment. Before the Supreme Court, Mr. Mills claimed that we had erred by applying a clear error standard to the district court's determination that he had not invoked effectively his right to remain silent and that he had waived knowingly and voluntarily his *Miranda* rights. The Solicitor General of the United States submitted that the Supreme Court ought to vacate our judgment and to direct us to review these issues under *Ornelas'* methodology.

We believe that *Ornelas* makes it clear that we ought to join the rest of the Country in holding that the ultimate issue of the voluntariness of a waiver of *Miranda* rights ought to be reviewed de novo by an appellate court. Like the issue of the voluntariness of a defendant's statement, the voluntariness of a *Miranda* waiver requires assessment of the historical facts of the case in light of a prevailing legal standard. Like the issue in *D.F.* and, indeed, like the issue in *Ornelas*, independent review is necessary to ensure uniformity of decision and the predictability and ease of administration that follow from uniformity of decision.[5] Nevertheless, as the Supreme Court did in *Ornelas* and as we did in both *Yusuff* and in *D.F.*, we emphasize that the findings of historical fact and the reasonable inferences that the trier of fact draws from those findings are matters on which we owe deference. Although, as Chief Justice Rehnquist noted in *Ornelas*, plenary review of the ultimate conclusion fosters consistency of application and clarification of

legal precedent, —— U.S. at ——, 116 S.Ct. at 1662, an appellate tribunal possesses no special advantage over a trial court in assessing the historical facts of a case.

Against this background, we shall now turn to an assessment of Mr. Mills' submissions.

3.

■■■ We first turn to Mr. Mills' contention that the district court erred in its determination that he did not effectively invoke his *Miranda* rights. Even the most cursory examination of this issue emphasizes the importance of the first step in the *Ornelas* paradigm: Historical facts are the appropriate domain of the trier of fact, and our review of such findings is deferential. The magistrate judge heard the evidence and determined that Mr. Mills' statement in the squad car on the way downtown was not a clear assertion of his right to be silent but rather a general expression of anger. *See United States v. Banks*, 78 F.3d 1190, 1196–97 (7th Cir.1996). This determination of the precise content of the message Mr. Mills communicated is a matter upon which we must defer to the trial court. The determination is essentially one of fact: Under the totality of the circumstances, what was the message that Mr. Mills wished to convey?

As we noted in our earlier opinion, an examination of the record supports the conclusion of the magistrate judge that Mr. Mills' outburst was not an invocation of his right to remain silent but rather a general expression of annoyance. This conclusion is not compelled by an examination of the rec-

---

view state habeas cases. We note that, in *Thompson v. Keohane*, 516 U.S. 99, ——, 116 S.Ct. 457, 464, 133 L.Ed.2d 383 (1995), the Supreme Court acknowledged that, in the context of § 2254 cases, it occasionally had "classified as 'factual issues' within § 2254(d)'s compass questions extending beyond the determination of 'what happened.'" In those instances, the Court noted, the resolution depends heavily on the trial court's appraisal of witness credibility and demeanor. Id. at ——, 116 S.Ct. at 465.

**5.** We also note that our holding today does not signal that all mixed questions of fact and law are necessarily matters for de novo review. As the Supreme Court pointed out in *Pierce v. Underwood*, 487 U.S. 552, 562, 108 S.Ct. 2541,

2548, 101 L.Ed.2d 490 (1988), some applications of fact to a legal standard involve a "multifarious and novel question, little susceptible, for the time being at least, of useful generalization, and likely to profit from the experience that an abuse-of-discretion rule will permit to develop." In other circumstances, the "normal law-clarifying benefits that come from an appellate decision," will not be possible and there will be countervailing benefits from deferring to the "fact-intensive, close calls" of the trial court. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 404, 110 S.Ct. .2447, 2460, 110 L.Ed.2d 359 (1990) (holding that deferential appellate review of a district court's decision to impose Rule 11 sanctions is appropriate); *Mars Steel Corp. v. Continental Bank*, 880 F.2d 928 (7th Cir.1989) (en banc) (same).

ord; however, it is a permissible conclusion from that record, one that the magistrate judge and the district court were certainly permitted to make. Id. at 1197. Indeed, the determination depends to a very great extent on the magistrate judge's observation of the demeanor of the witnesses as they described the circumstances surrounding that early morning arrest and ride downtown. Having determined that the record will support the interpretation of the magistrate judge, we must conclude that the district court's determination was not clearly erroneous.[6] As we concluded in our first opinion, the statement, as characterized by the magistrate judge, was not an unambiguous assertion by the defendant of his *Miranda* rights.

### 4.

Mr. Mills also asserts that he did not waive voluntarily his *Miranda* rights. As we have already explained, we believe that, in the wake of *Ornelas*, the ultimate issue of voluntariness must be reviewed de novo on appeal. Deference must be given to the trier of fact with respect to the underlying historical facts.

We also think that it is important to note that the practical realities that surround the adjudication of this issue in this case and, indeed, in so many others also counsel that we employ the same standard of review as we do for the voluntariness of a defendant's statement. Here, as in many cases in which we are dealing with an allegedly implied as opposed to an explicit waiver, the issue of whether the defendant waived his *Miranda* rights is virtually indistinguishable from the issue of whether the defendant's statement was voluntary. Mr. Mills' contention is that the officers teased the waiver out of him in the same process as they teased the statement out of him. It is particularly appropriate therefore, as both the defense and the government urge, to apply the same standard of review.

In our earlier opinion, we rehearsed comprehensively the determinations of the magistrate judge with respect to the waiver is-

sue. *See Banks*, 78 F.3d at 1196–99. We then determined, employing the deferential standard of review required at that time by the precedents of this circuit, that the magistrate judge's determination ought to be sustained. Having revisited the issue under the de novo standard applicable after *Ornelas*, we are convinced that the trial court was correct in reaching the determination that the waiver, although not explicit, was nevertheless voluntary.

### Conclusion

Having reexamined the issues presented by Mr. Mills in light of the decision of the Supreme Court in *Ornelas*, we believe that the district court committed no reversible error. Accordingly, the judgment of the district court is affirmed.

AFFIRMED.

---

6. We also note that Mr. Mills did not make any incriminating statement until he was within the FBI offices and had been re-Mirandized. As we

explain below, there is, in our view, no question about the validity of his waiver of his *Miranda* rights at that time.