**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**David KRUGER, Defendant–Appellant.**

No. 02–3646.

United States Court of Appeals,
Seventh Circuit.

Submitted Aug. 20, 2003.

Decided Aug. 21, 2003.

Valarie Hays, Office of the United States Attorney, Chicago, IL, for Plaintiff–Appellee.

David Kruger, Manchester, KY, pro se.

Before BAUER, KANNE, and EVANS, Circuit Judges.

## ORDER

Authorities found a sawed-off shotgun in a bag in an apartment rented by David Kruger's father, and based on that weapon a jury found Kruger guilty of possession of a firearm by a felon, 18 U.S.C. § 922(g)(1), and possession of an unregistered firearm, 26 U.S.C. § 5861(d). The district court sentenced Kruger as an armed career criminal to 290 months' imprisonment for violating § 922(g), *see* 18 U.S.C. § 924(e), and a concurrent 120 months for violating § 5861. Kruger appeals, but his appointed counsel seeks to withdraw under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), because he believes all potential appellate issues are frivolous. Counsel's supporting brief is facially adequate and Kruger has not responded, *see* Circ. R. 51(b), so we limit our review to the potential issues counsel identifies. *See United States v. Tabb*, 125 F.3d 583, 584 (7th Cir.1997) (per curiam); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996). We agree with counsel that all identified issues would be frivolous, and therefore grant counsel's motion to withdraw and dismiss the appeal.

■ Counsel first considers whether Kruger could argue that the district court should have granted his motion to suppress incriminating statements made soon after his arrest. As counsel notes, the only issue raised in the motion was whether police officers provided Kruger with the warnings required by *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Kruger claimed they had not, but the district court held a hearing on the question and ultimately decided to believe police officers who testified that they gave the required warnings. This is the type of stark credibility determination that appellate courts almost never overturn on appeal. *See United States v. Willis*, 300 F.3d 803, 806 (7th Cir.2002). Because there are no special circumstances in this case suggesting that we should deviate from our usual deference to the district court on credibility, we agree with counsel that an appeal of this issue would be frivolous.

■ Counsel next considers whether Kruger might argue that §§ 922(g)(1) and 5861(d) are unconstitutional because they exceed the power delegated to Congress by the Constitution. He concludes that any such argument would be frivolous, and we agree: § 922(g)(1) is constitutional under the Commerce Clause, *see United States v. Hemmings*, 258 F.3d 587, 594 (7th Cir.2001); *United States v. Williams*, 128 F.3d 1128, 1133–34 (7th Cir.1997) (collecting cases), and § 5861(d) is a legitimate exercise of the congressional power to tax because it promotes the registration and taxation of firearms in the National Firearms Registration and Transfer Record, *see United States v. Copus*, 93 F.3d 269, 275–76 (7th Cir.1996).

■ Counsel also contemplates a challenge to the district court's decision to admit at trial certain evidence regarding where Kruger lived. When police officers opened the bag in Kruger's father's apartment, they found not only the shotgun but also Kruger's clothes and his state identification card. Kruger was not present when the shotgun was found, however, and his defense at trial was that it belonged not to him but to one of the many other people who frequented the apartment. Indeed, the evidence at trial included Kruger's father's assertion that Kruger was not living with him when the officers found the gun. Kruger, though, was on parole when the gun was recovered, and so to combat his defense the government sought to introduce testimony from Kruger's parole officer that Kruger had given state officials his father's address as his own, and that the officer had often visited Kruger at the father's apartment. Over Kruger's objection that the testimony would unfairly

prejudice him. *see* Fed.R.Evid. 403 (evidence should be excluded if its probative value is substantially outweighed by danger of unfair prejudice), the district court ruled the proffered testimony admissible but also offered Kruger a way out: stipulate that he lived at his father's apartment, and the parole officer could not testify.

Kruger chose not to stipulate, and the parole officer testified. We would review for an abuse of discretion the district court's decision to admit that testimony. *See United States v. Anifowoshe,* 307 F.3d 643, 649 (7th Cir.2002). Here, the district court recognized that the testimony was highly probative of Kruger's possession of the shotgun; in fact, establishing that Kruger resided where police found the gun could have been enough to convict him under a constructive possession theory. *See United States v. Quilling,* 261 F.3d 707, 712 (7th Cir.2001) (finding sufficient evidence of constructive possession where ammunition was found at defendant's residence); *United States v. Richardson,* 208 F.3d 626, 632 (7th Cir.2000) (finding constructive possession when a defendant admitted being caretaker and landlord of residence, medicine bottles with defendant's name were found at residence, and defendant received mail at residence). *See also United States v. Boykin,* 986 F.2d 270, 274 (8th Cir.1993) (constructive possession established when contraband was seized at defendant's residence). Furthermore, because Kruger's father denied that Kruger lived with him, and Kruger himself opted not to testify, the parole officer's testimony was the best and perhaps only way for the government to prove that Kruger resided where the gun was found. *See Old Chief v. United States,* 519 U.S. 172, 183, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997) (noting that district court properly should consider evidentiary alternatives, such as defendant's offer to stipulate, when deciding whether evidence's potential for unfair prejudice outweighs its probative value).

Against the testimony's high probative value, the district judge had to weigh its potential to unfairly prejudice Kruger by revealing that he had a criminal background requiring supervision by a parole officer. *See* Fed.R.Evid. 403. But as the district court noted, Kruger had agreed to stipulate to his felony status; there was thus no more than a minimal risk that the jury would be unfairly swayed by the additional revelation that he was on parole. As such a minimal risk does not "substantially outweigh" the high probative value of the officer's testimony, the district court properly admitted the testimony. We agree with counsel that it would be frivolous to argue otherwise. *See United States v. Hines,* 943 F.2d 348, 353–54 (4th Cir.1991) (holding that district court did not abuse its discretion by admitting testimony of defendant's parole officer during prosecution under § 922(g)(1) because government had to prove defendant was felon and revelation that he was on parole was "incidental information").

 Counsel further addresses whether Kruger could argue that the district court instructed the jury incorrectly. We would review the trial judge's rulings on jury instructions for an abuse of discretion, and would not disturb those rulings if the instructions fairly and accurately summarize the law and have support in the record. *See United States v. Aldaco,* 201 F.3d 979, 989–90 (7th Cir.2000). Here, trial counsel objected to only three instructions. First, he objected to an instruction regarding the manner in which the jury should have considered his post-arrest statements, stating only that he wished to continue his objection to the admission of the statements on the grounds asserted in the pretrial motion. The court noted his continuing objection, but on the basis of its earlier decision to admit the statements properly overruled it. Next, counsel ob-

jected to an instruction that "A person need not own an object to possess it" because, according to him, an earlier instruction conveyed that aspect of the legal definition of possession. Reading the two instructions reveals this assertion to have been incorrect; the later instruction added to the earlier one and was a correct statement of the law, *see, e.g., United States v. Lane*, 267 F.3d 715, 718–19 (7th Cir.2001), so the district court properly gave it. Finally, counsel objected that the jury might become confused by an instruction that the government "must prove that the offense happened reasonably close to [the date charged in the indictment] but is not required to prove that the alleged offense happened on that date." That instruction was, however, a pattern instruction approved in principle by the Seventh Circuit Judicial Council, *see* Seventh Circuit Federal Jury Instructions 4.04 (1999), and rather than confusing the jury we think it likely clarified the government's burden in this case because there was some uncertainty as to when exactly Kruger possessed the shotgun. *Cf. United States v. Leibowitz*, 857 F.2d 373, 378 (7th Cir.1988) (holding that "[u]nless the particular date is an element of the alleged offense, it is generally sufficient to prove that the offense was committed on any day before the indictment and within the statute of limitations.") We thus concur with counsel that an appeal challenging any of these rulings would be frivolous.

■ Counsel next contemplates arguing that Kruger should not have been sentenced as an armed career criminal. To qualify as an armed career criminal, a defendant must be convicted under § 922(g)(1)—as Kruger was—and already have three convictions for violent felonies or serious drug offenses. *See* 18 U.S.C. § 924(e). Here, Kruger conceded having two qualifying convictions, but argued to the district court that an Illinois burglary conviction should not count as a violent

felony because it was for burgling a garage rather than a dwelling. In the context of § 924(e), however, that is a distinction that makes no difference; the section specifically includes burglary as a violent crime, *see* 18 U.S.C. § 924(e)(2)(B)(ii), and the Supreme Court ruled in *Taylor v. United States*, 495 U.S. 575, 598, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990), that "burglary" in § 924(e) means any "generic" burglary. Generic burglary, in turn, means "an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime." *Id.* A garage is a "structure," so Kruger's argument is self-defeating. We therefore agree with counsel that an appeal of this issue would be frivolous. *See also United States v. Woods*, 233 F.3d 482, 485 (7th Cir.2000) (holding that Illinois conviction for burgling a "commercial building" counted as a violent felony under § 924(e)).

■ Lastly, counsel considers whether Kruger could challenge the sentencing court's failure to depart downward; counsel concludes that Kruger could not because the district court never ruled on his motion for a downward departure, and "a proponent of an issue must secure a ruling on it if he is to argue that issue on appeal." That might be so, but here the district court in fact entered a written order denying Kruger's motion. Counsel's argument thus misses the mark. However, despite counsel's oversight we are convinced that an appeal of Kruger's sentence would be frivolous. Kruger's presentence report recommended—and Kruger received–a sentence within the appropriate guidelines range, and in support of his motion for a downward departure Kruger argued only that such a sentence would, in and of itself, be "draconian." That is not an appropriate ground for a downward departure. *See United States v. Betts*, 16 F.3d 748, 764–65 (7th Cir.1994) (holding that harshness of sentence required by law was not

appropriate ground for departure), *abrogated on other grounds by United States v. Mills,* 122 F.3d 346 (7th Cir.1997); *United States v. Guerrero,* 894 F.2d 261, 267 (7th Cir.1990) (noting that sentences imposed pursuant to guidelines cannot be reviewed under theory that they are too draconian or too lenient). *See also United States v. McMutuary,* 217 F.3d 477, 490 (7th Cir. 2000) ("[A] sentencing court abuses its discretion by deciding to depart from the applicable sentencing range for the sentence of any defendant, whenever such departure creates an unjustified disparity between the sentence of that defendant and the sentences of all other similarly situated individuals nationwide.") We thus agree with counsel's conclusion that an appeal of Kruger's sentence would be frivolous.

Accordingly, we GRANT counsel's motion to withdraw and DISMISS this appeal.