# In the
# United States Court of Appeals
## For the Seventh Circuit

No. 06-3208

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

ELTON BURKS,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Northern District of Indiana, Hammond Division.
No. 04 CR 25—**Philip P. Simon**, *Judge.*

ARGUED APRIL 5, 2007—DECIDED JUNE 4, 2007

Before EASTERBROOK, *Chief Judge*, and BAUER and
WOOD, *Circuit Judges.*

BAUER, *Circuit Judge.* While out on bond after being
charged with attempted murder and battery, Elton Burks
was arrested following a traffic stop on March 8, 2004. He
was charged with being a felon in possession of a loaded
firearm in violation of 18 U.S.C. § 922(g)(1), being a felon
in possession of additional ammunition in violation of 18
U.S.C. § 922(g)(1), receiving a firearm while under state
felony charges for attempted murder and battery in
violation of 18 U.S.C. § 922(n), and possessing body armor

after having been convicted of a crime of violence in violation of 19 U.S.C. § 931.

Burks was convicted on the attempted murder charges and sentenced by an Indiana state court to 76 years' imprisonment. After his sentence, Burks was delivered to federal custody on a writ of *habeas corpus* to face trial on the federal indictment. He filed a motion to suppress all evidence recovered from his arrest; the district court denied the motion.

Burks pleaded guilty to being a felon in possession of ammunition, reserving his right to appeal the denial of his motion to suppress. The district court sentenced Burks to 84 months' imprisonment to run concurrent to his 76-year state term of imprisonment. He now challenges the denial of his motion to suppress and the calculation of his sentence.[1] We affirm.

## I. Background

On March 8, 2004, Officer Jesse Vargas of the Lake County Sheriff's Department while on patrol in the area of the 4700 block of Harrison Street in Gary, Indiana, observed a gray Jeep Cherokee driven by Burks traveling northbound on Harrison at a high rate of speed. After activating his overhead red and blue lights, Officer Vargas attempted to stop the vehicle for speeding. However, the Jeep increased its speed; Vargas followed the Jeep as it turned eastbound onto 46th Avenue, then southbound onto Van Buren Street, and finally westbound onto 47th Avenue. While in pursuit, Officer Vargas observed a firearm being

---

[1] On appeal, defendant also challenged the district court's assignment of criminal history points. Prior to oral argument, defendant withdrew this argument; therefore, we do not address it.

thrown from the Jeep's window and learned from dispatch that the license plate was not registered to the Jeep. Eventually, Burks pulled over.

During the traffic stop, Officer Vargas discovered that Burks was driving on a suspended license and had prior convictions. Officer Vargas arrested Burks and searched him. The search revealed that Burks was wearing a bullet-proof vest. Incident to Burks' arrest, an assisting officer searched the Jeep and recovered an ammunition box containing .40 caliber ammunition. Another officer recovered the firearm Burks threw from his window; it proved to be stolen.

Burks filed a motion to suppress all evidence, challenging the probable cause for the initial stop of his vehicle. Following a hearing, the district court denied the motion and, based on the advisory guideline range of 84 to 105 months' imprisonment, sentenced him to 84 months' imprisonment.

## II. Discussion

### A. Motion to Suppress

Burks first challenges the denial of his motion to suppress. He argues that the police lacked probable cause to make the arrest because he did not receive a speeding citation. We review *de novo* the district court's determination of probable cause. In reviewing the district court's decision to deny a motion to suppress, however, we review questions of law *de novo* and questions of fact for clear error. *United States v. Kincaid*, 212 F.3d 1025, 1028 (7th Cir. 2000). Reversal is warranted only when we are left with the definite and firm conviction that a mistake has been made, such as a situation in which a district court credited exceedingly improbable testimony. *United States*

*v. Bass*, 325 F.3d 847, 850 (7th Cir. 2003) (internal citations omitted).

The traffic stop was conducted based on Officer Vargas's reasonable belief that traffic violations had occurred. Officer Vargas observed Burks speeding; learned that Burks's vehicle was outfitted with a false and fictitious plate registered to another vehicle; and watched Burks throw a firearm from his vehicle. The district court credited this testimony from Officer Vargas. Additionally, "[a]n arrest may be perfectly reasonable even if the police officer ultimately does not charge the suspect for the offense giving rise to the officer's probable cause determination." *United States v. Woody*, 55 F.3d 1257, 1268 (7th Cir. 1995). The record supports the district court's finding that probable cause existed for the traffic stop.

### B. Sentencing

Burks also challenges the district court's rejection of his request for a lower sentence due to coercion and duress. Burks claims that he was under duress because his mother was murdered in October of 2003 while he was in the Lake County jail. Burks also claims that when he was released from jail in January 2004, he was shot at several times and received death threats. He asserts that when he was pulled over by Officer Vargas, he was wearing body armor and carrying weapons and ammunition because he was in fear for his life.

We review a defendant's sentence for reasonableness. *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005). In the post-*Booker* era, we continue to review the district court's factual findings at sentencing for clear error and the application of those facts to the Sentencing Guidelines *de novo*. *United States v. Haddad*, 462 F.3d 783, 793 (7th Cir. 2006). "If the defendant

committed the offense because of serious coercion, black-mail or duress, under circumstances not amounting to a complete defense, the [district] court may depart down-ward." U.S.S.G. § 5K2.12. The district court was not persuaded by the evidence that the ammunition and firearm that Burks possessed was a result of any coercion or duress. We agree.

Jettisoning the weapon (that was supposedly protecting him) while being pursued by the police was not an indica-tion of duress, and his evasive conduct is more reasonably attributable to fear of apprehension. Additionally, the police stop occurred five months after Burks's mother was murdered and two months after Burks says he was shot at and received death threats. This time lapse indicates that Burks was not under a reasonable belief of a current and imminent threat. The district court properly found that his assertion of duress was improbable and did not err in denying his request for a lower sentence on this basis.

### III. Conclusion

For the foregoing reasons, we AFFIRM the judgment of the district court.

A true Copy:

      Teste:

 

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*