NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted August 29, 2007
Decided August 31, 2007

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. JOEL M. FLAUM, *Circuit Judge*

07-1562

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    *Plaintiff-Appellee,*<br><br>    *v.*<br><br>BRUCE CLEVENGER<br>    *Defendant-Appellant.* | Appeal from the United States District Court for the Central District of Illinois<br><br>No. 06-CR-30067-001<br><br>Jeanne E. Scott,<br>*Judge.* |

**O R D E** R

Bruce Clevenger pleaded guilty to conspiracy to pass counterfeit currency. *See* 18 U.S.C. § 371.  The district court sentenced him to 33 months' imprisonment, the bottom of the guidelines range.  Clevenger filed a notice of appeal, but his appointed counsel has moved to withdraw because he is unable to find a nonfrivolous basis for appeal.  *See Anders v. California,* 386 U.S. 738 (1967). Counsel's supporting brief is facially adequate, and Clevenger did not respond to our invitation under Circuit Rule 51(b) to explain why he believes his appeal has merit, so we review only the potential issues identified in counsel's brief.  *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

At sentencing, Clevenger objected to the presentence report's recommendation that he receive a two-level enhancement to his base offense level under U.S.S.G. § 2B5.1(b)(2)(A) for manufacturing the counterfeit bills himself. Clevenger conceded that he manufactured the bills but argued that they were too obviously counterfeit to be passable. He relied on § 2B5.1's Application Note 4, which precludes use of that guideline for counterfeit bills that were "so obviously counterfeit that they [we]re unlikely to be accepted even if subjected to only minimal scrutiny." U.S.S.G. § 2B5.1(b)(2)(A) cmt. n.4. The government responded that the bills appeared sufficiently authentic to have been accepted at a restaurant and two different garage sales. The district judge then examined three of the bills and found them a bit yellowed but observed, "haven't we all received bills back that were dirty, muddied, off-color . . . and they were perfectly good." The court assumed that a casual observer was not likely to detect that the bills were counterfeit and therefore applied the two-level enhancement.

In his *Anders* submission, counsel first considers challenging the voluntariness of Clevenger's guilty plea, but properly does not explore the issue because Clevenger has told him that he does not wish to withdraw his plea. *See United States v. Knox,* 287 F.3d 667, 671 (7th Cir. 2002).

Counsel then considers renewing his argument that the enhancement under § 2B5.1(b)(2)(A) should not have been applied. We would review for clear error the district court's finding that the bills were not "so obviously counterfeit," *see United States v. Burks*, 490 F.3d 563, 565 (7th Cir. 2007), and we agree with counsel that this challenge would be frivolous. It might have been preferable if we had a sample of the counterfeit bills, *see United States v. Barnes,* 188 F.3d 893, 895 (7th Cir. 1999); *United States v. Bollman,* 141 F.3d 184, 187 (5th Cir. 1998) (per curiam), but the record is adequate for our review. Here, where there is evidence that several different vendors accepted the bills, we could not say that the district court erred in finding the bills passable under Application Note 4's lax standard of "minimal scrutiny." *See United States v. Hughes*, 310 F.3d 557, 562 (7th Cir. 2002) (approving district court's reasoning that currency was not obviously counterfeit if "no merchant rejected the counterfeit").

Finally, counsel considers whether Clevenger could challenge the reasonableness of his overall prison term, but properly concludes that such a challenge would be frivolous. Clevenger's sentence at the bottom of the guidelines range would be presumed reasonable. *See United States v. Rita*, No. 06-5754, 2007 WL 1772146, at *6 (U.S. Jun. 21, 2007); *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005). Counsel considers whether Clevenger could overcome this presumption by arguing that his sentence created an "unwarranted disparity" under 18 U.S.C. § 3553(a)(6) with those of his co-defendants, who each received a prison sentence of one month. But we agree with counsel that the disparity was

warranted on account of Clevenger's greater role in the offense and his extensive criminal history. *See United States v. Gammicchia*, No. 06-3325, __ F.3d __, 2007 WL 2265134 (7th Cir. 2007).

Accordingly, counsel's motion to withdraw is GRANTED and the appeal is DISMISSED.