**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued October 3, 2007
Decided November 8, 2007

**Before**

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. KENNETH F. RIPPLE, *Circuit Judge*

Hon. MICHAEL S. KANNE, *Circuit Judge*

No. 06-4281

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>   *Plaintiff-Appellee,* <br><br>  *v.* <br><br> KENNETH L. HARLAN, <br>   *Defendant-Appellant.* | Appeal from the United States District Court for the Southern District of Indiana, Terre Haute Division <br><br> No. 05 CR 9 <br><br> Larry J. McKinney, <br> *Chief Judge.* |

**O R D E R**

Kenneth Harlan pleaded guilty to selling and conspiring to sell methamphetamine. *See* 21 U.S.C. §§ 841(a)(1), 846. In his plea agreement, Harlan reserved the right to contest on appeal the denial of his motion to suppress statements made to an officer prior to his arrest. Harlan now exercises that right. Because the district court correctly determined Harlan did not make the statements in the context of a custodial interrogation, we affirm.

In the morning of April 25, 2005, three officers working for the Drug Enforcement Administration entered the furniture store Harlan owned in Terre Haute, Indiana. Detective Dennis Holt identified himself as an officer, and told Harlan that they would like to speak to him. Detective Holt testified that he asked Harlan if he was expecting anyone and if he wanted to close the shop. Harlan

stated that he was expecting a delivery, and the decision was made to leave. Harlan testified that he believed he did not have a choice whether to leave with the officers.

Detective Holt suggested that they take his car because they could all fit in it. Harlan did not object to this suggestion. Harlan and the officers then left in Detective Holt's vehicle and proceeded to a side street in a nearby residential area. While Holt was driving, the officers told Harlan that he was the subject of an investigation and that purchases of methamphetamine had been made from him.

Detective Holt testified that after he parked the car along the side of the street, Harlan was told that there was no arrest warrant for him, that he was not being arrested, and that he would not be taken to jail. Holt did not say who told Harlan these things. According to Holt, Harlan was informed that when the conversation ended, he would be dropped off wherever he wanted. Harlan testified that no one told him that he was not under arrest or that he would be dropped off.

The detectives then questioned Harlan for approximately 45 minutes. After about 30 minutes, Harlan agreed to cooperate with police and gave them information about his methamphetamine business. When the questioning ended, the officers dropped Harlan off about three blocks from his business.

Prior to trial, Harlan moved to suppress the statements he gave during the April 25 questioning. He argued, as relevant here, that the questioning constituted a custodial interrogation and that, because it was not preceded by *Miranda* warnings, the government's use of the statements would violate his Fifth and Sixth Amendment rights. Following a hearing, the district court denied the motion to suppress. In denying the motion, the district court credited Holt's testimony that Harlan was told he was not under arrest over Harlan's testimony to the contrary. The district court weighed that testimony heavily in determining that Harlan was not in custody and that no *Miranda* warnings were required. Other factors the court considered establishing Harlan was not in custody were that Harlan consented to speak to the officers, the interrogation took place in public, and there was no threat of weapons or physical force. After the district court denied the motion, Harlan changed his pleas to guilty, but reserved the right to appeal the denial of his motion to suppress.

Harlan argues on appeal that the district court erred when it concluded that, as a matter of law, the April 25 interrogation was not custodial. As part of that argument, Harlan contends that the district court committed clear error in its factual finding that Harlan had been told he was not under arrest. In reviewing a district court's decision on a motion to suppress, we review questions of law de novo

and questions of fact for clear error. *United States v. Peters*, 435 F.3d 746, 750 (7th Cir. 2006).

Law-enforcement officers violate suspects' Fifth Amendment rights when they subject them to custodial interrogations without advising them of their constitutional rights to remain silent and to have counsel present. *Miranda v. Arizona*, 384 U.S. 436, 471 (1966). An interrogation is "custodial" where "a person has been taken into custody or otherwise deprived of his freedom of action in any significant way." *Id.* at 444. The test is whether, under the circumstances of the interrogation, a reasonable person would have felt at liberty to terminate the interrogation and leave. *Yarborough v. Alvarado,* 541 U.S. 652, 662 (2004); *Thompson v. Keohane*, 516 U.S. 99, 112 (1995). In implementing this test, we consider whether (1) the encounter occurred in a public place; (2) the suspect consented to speak with the officers; (3) the officers informed the individual he was not under arrest and was free to leave; (4) the individual was moved to another area; (5) there was a threatening presence of several officers and a display of weapons or physical force; (6) the officers deprived the defendant of documents needed to continue on his way; and (7) the officers' tone of voice was such that their requests would likely be obeyed. *United States v. Barker*, 467 F.3d. 625, 628-29 (7th Cir. 2006).

Factor number three–whether officers told the suspect he was under arrest–weighs heavily in finding no custodial interrogation. If police tell a reasonable person he is not under arrest, that person will likely not feel his freedom of movement is restrained to "the degree associated with a formal arrest." *Yarborough*, 541 U.S. at 662 (internal citation omitted).

Harlan argues that the officers did not tell him he was not under arrest, but the district court found otherwise after crediting Holt's testimony to the contrary. We will not disturb a finding of fact unless it is clearly erroneous. *Peters*, 435 F.3d at 750. Because Harlan has not identified any reason why Holt's testimony should not have been believed, and because it is plausible that Harlan was told he was not under arrest, the district court did not clearly err in crediting the officer's testimony. *See United States v. Burks,* 490 F.3d 563, 565 (7th Cir. 2007) (noting reversal of district court's factual findings only appropriate where exceedingly improbable testimony credited); *United States v. Briggs*, 273 F.3d 737, 740 (7th Cir. 2001) (stating that where district court credits one witness's plausible testimony over another, that decision "can almost never be clear error"). The district court's finding that Harlan was told he was not under arrest dooms his argument that his interrogation was not custodial, because the facts here do not so strongly suggest custody such that a reasonable person would disbelieve the officer's statement that Harlan was not under arrest.

Only one factor weighs in Harlan's favor, and it is not sufficient to overcome an explicit statement from police that Harlan was not under arrest. It is undisputed Harlan was moved by the officers. That fact alone, however, cannot carry the day for Harlan; we have held in other cases that suspects were not in custody where they were moved. *See, e.g., United States v. Wyatt,* 179 F.3d 532, 537 (7th Cir. 1999) (taking suspect uncuffed in a squad car to police station not custodial); *United States v. Jones*, 21 F.3d 165, 170 (7th Cir. 1994) (transporting suspect to police headquarters in squad car did not render interrogation custodial).

All of the other factors weigh against Harlan. He consented to speak with the officers, and to do so outside the store rather than to remain there. *See Booker v. Ward*, 94 F.3d 1052, 1058 (7th Cir. 1996) (stating where suspect voluntarily agreed to interrogation, that interrogation was not necessarily custodial)*; United States v. Betts*, 16 F.3d 748, 762 (7th Cir. 1994) (holding interrogation not custodial where suspect was given a choice of being interviewed in police station or elsewhere) (*abrogated on other grounds by United States v. Mills*, 122 F.3d 346 (7th Cir. 1997)). Although there were three officers, the record does not reflect that they threatened Harlan in any way or that they brandished weapons; nor did they handcuff him. *See United States v. Thompson*, 496 F.3d 807, 811 (7th Cir. 2007) (stating close proximity of two FBI agents alone was not sufficient to render interrogation custodial). Finally, the interrogation occurred in a place accessible to the public. These facts, plus the testimony that Harlan was told he was not under arrest, suggest a reasonable person would have believed he was free to leave.

AFFIRMED